# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

HARLEM MARTINEZ,

    Plaintiff,

v.

WARDEN HILTON HILL; GREG DOZIER; ASSISTANT WARDEN RICK STONE; and LIBRARIAN L. WALKER,

    Defendants.

CIVIL ACTION NO.: 5:17-cv-119

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Coffee Correctional Facility in Nicholls, Georgia, filed a Complaint pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. (Doc. 1.) Plaintiff has also filed a Motion for injunctive relief. (Doc. 3.) The Court has permitted Plaintiff to proceed *in forma pauperis*. (Doc. 7.) For the reasons set forth below, I **RECOMMEND** the Court **DISMISS** Plaintiff's access to the courts, conspiracy, class action, and preliminary injunctive relief claims against Defendants. Additionally, the Court should **DENY** Plaintiff leave to appeal *in forma pauperis* as to these claims. However, Plaintiff arguably states a colorable equal protection claim against Defendants. Accordingly, the Court **DIRECTS** the United States Marshal to serve Defendants with a copy of Plaintiff's Complaint and this Order.

## PLAINTIFF'S ALLEGATIONS

Plaintiff asserts Defendants have enforced and encouraged "an illegal unwritten policy, custom[,] and practice of denying Hispanic prisoners" adequate access to legal materials because

there is only one book in the prison's library containing both English and Spanish languages. (Doc. 1, p. 8.) Plaintiff maintains Defendants acted purposefully and maliciously to discriminate and conspire against Plaintiff and all other Spanish-speaking inmates by denying these inmates access to the courts. Plaintiff contends he looked for other inmates who are bilingual to help him file a habeas corpus action, but he learned that another inmate's advice was misleading after the Northern District of Georgia court dismissed Plaintiff's state habeas petition based on failure to exhaust state court remedies. (Id. at p. 11.) Plaintiff also contends he was able to reinstate his state habeas proceedings, yet he had difficulty during the evidentiary hearing explaining his position to the judge in response to the respondent's motion for a more definite statement. (Id. at pp. 11–12.) According to Plaintiff, the judge has "hinted at dismissing" his renewed petition due to Plaintiff's "inadequate filing and in court discussions[.]" (Id. at p. 12.) Plaintiff asserts his lack of access to law books written in Spanish has "hindered and frustrated" his efforts to collaterally attack his conviction. (Id.)

Plaintiff attempts to bring a class action suit on behalf of all Spanish-speaking inmates. (Id. at pp. 1, 8.) In addition, he seeks a preliminary and permanent injunction against Defendants so that they will "cease the discriminatory actions and denial of adequate access to the courts[.]" (Id. at p. 15; Doc. 3, p. 15.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is

2

frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleading contained in the Federal Rules of Civil Procedure when reviewing a complaint on an application to proceed *in forma pauperis*. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal

3

theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I.  Equal Protection Claim

The equal protection clause of the Fourteenth Amendment requires the government to treat similarly situated people alike. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). To establish such a claim, "a prisoner must demonstrate that: (1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest[,] such as race." Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir. 2001) (quoting Damiano v. Fla. Parole & Prob. Comm'n, 785 F.2d 929, 932–33 (11th Cir. 1986)). "If a suspect classification, such as race, or a fundamental right is implicated, a court must apply strict scrutiny to that claim." Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 867 (11th Cir. 2008) (citing Johnson v. California, 543 U.S. 499,

506–07 (2005) (holding that strict scrutiny is the appropriate standard of review for racial classifications even in the prison context)).

In his Complaint, Plaintiff contends he asked Defendant Walker to help him obtain law books, materials, and computers written in Spanish "like all the [E]nglish speaking inmates have access to, so he could adequately present his habeas corpus in court." (Doc. 1, pp. 8–9.) In response, Defendant Walker informed Plaintiff that this was not going to happen based on the policy "from the top to me" at Coffee Correctional, which does not require the provision of Spanish language materials. As Plaintiff has identified he has been treated differently from English speaking inmates, and Plaintiff's race or nationality has been implicated, he sets forth a plausible equal protection claim against Defendants Hall, Dozier, Stone, and Walker.[1]

## II. Access to the Courts Claim

"Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002)). However, to bring an access to courts claim, an

---

[1] Defendants Hall, Stone, and Dozier hold supervisory positions at Coffee Correctional and with the Georgia Department of Corrections. Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of *respondeat superior*. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011) (emphasis supplied). Plaintiff makes sufficient allegations that these supervisory Defendants instituted a policy that Spanish-speaking inmates would not have access to legal materials written in Spanish, whereas English-speaking inmates have access to legal materials written in English. Thus, Plaintiff sets forth plausible allegations that Defendants Hall, Stone, and Dozier personally participated in the alleged violation of his constitutional rights.

5

inmate must establish that he suffered an actual injury. In interpreting the actual injury requirement, the Eleventh Circuit Court of Appeals stated:

> The actual injury which the inmate must demonstrate is an injury to the right asserted, i.e. the right of access. Thus, the . . . official's actions which allegedly infringed on an inmate's right of access to the courts must have frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim. See Lewis [v. Casey, 518 U.S. [343, 352–54 (1996)]. Further, the legal claim must be an appeal from a conviction for which the inmate was incarcerated, a habeas petition or a civil rights action. See id. at 352–57.

Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998). "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Lewis, 518 U.S. at 351. Instead, the inmate must show that a nonfrivolous, arguable claim he wished to bring has been lost or rejected due to the deficiency or that the deficiency is currently preventing his presentation of such a claim. Sanchez v. Stephens, 689 F. App'x 797, 799 (5th Cir. 2017) (citing Harbury, 536 U.S. at 415; Lewis, 518 U.S. at 353 & n.3, 356). "The underlying claim must be described well enough to apply the frivolity test and to show that its "'arguable' nature . . . is more than hope." Id. (quoting Harbury, 536 U.S. at 416).

Plaintiff does not allege enough in his Complaint to plausibly satisfy the actual injury prerequisite to set forth a plausible access to courts claim. Plaintiff fails to allege that Defendants' purported unwritten policy in having only one book in the prison's law library written in Spanish has prevented him from missing any court-imposed deadlines, and he does not provide any information as to any specific claims he was pursuing or whether any such claims were non-frivolous legal claims. Instead, Plaintiff's allegations reveal that he was able to file a federal habeas petition, and that petition was dismissed in part and denied in part based on Plaintiff's failure to meet certain procedural requirements applicable to 28 U.S.C. § 2254

petitions, not due to any alleged failure to communicate with the court.[2] R. & R. and Order, Martinez-Cruz v. Hall, 1:15-cv-04015-WSD (N.D. Ga. Apr. 6 and June 22, 2016), ECF Nos. 18, 21. In addition, the Court notes Plaintiff's assertion that he dismissed his first state habeas application; however, Plaintiff also asserts he moved to dismiss this application based on the advice of a fellow inmate. (Doc. 1, p. 11.) In addition, Plaintiff avers he was able to reinstate his state habeas petition with the help of another inmate and was able to participate in an evidentiary hearing, although he "had difficulty explaining his issues" to the judge in response to a motion the respondent filed. (Id. at pp. 11–12.) While the Court is not unsympathetic to Plaintiff if he has difficulty with or an inability to speak and understand English, Plaintiff has failed to allege facts indicating his difficulty is due to Defendants' alleged policy or any action they have taken and that his difficulty is due to Defendants' alleged policy. Accordingly, Plaintiff's access to the courts claim against Defendants should be **DISMISSED** for this reason.

### III.  Conspiracy Claim

A conspiracy to violate another person's constitutional rights gives rise to a Section 1983 action. "To establish a prima facie case of a [S]ection 1983 conspiracy, a plaintiff must show, among other things, that defendants 'reached an understanding to violate [his] rights.'" Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2007) (quoting Strength v. Hubert, 854 F.2d 421, 425 (11th Cir. 1988)). A "plaintiff does not have to produce a 'smoking gun' to establish the 'understanding' or 'willful participation' required to show a conspiracy, but must show some evidence of agreement between the defendants." Id. at 1283–84 (quoting Bendiburg v. Dempsey, 909 F.2d 463, 469 (11th Cir. 1990)). "[T]he linchpin for conspiracy is agreement." Bailey v. Bd. of Cty. Comm'rs of Alachua Cty., 956 F.2d 1112, 1122 (11th Cir. 1992).

---

[2] This Court's review of Plaintiff's filings in his federal habeas proceedings fails to indicate any difficulty in corresponding with the court or in presenting the relative merits of his claims, just as this Court's review of Plaintiff's Complaint in this case fails to reveal any such difficulty.

"[M]erely string[ing] together" alleged acts of individuals is not sufficient to establish the existence of a conspiracy. Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992).

Here, Plaintiff does not set forth any facts indicating Defendants reached an understanding or agreement to violate his rights. Instead, Plaintiff makes the conclusory statement that Defendants conspired together to violate his rights by denying him access to books written in Spanish. Even at the frivolity stage, Plaintiff fails to set forth sufficient facts which would render his conspiracy allegations "plausible". Iqbal, 556 U.S. at 678. Accordingly, the Court should **DISMISS** Plaintiff's conspiracy claim.

## IV. Putative Class Action

"An individual unquestionably has the right to litigate his own claims in federal court, before both the district and appellate courts. . . . The right to litigate for oneself, however, does not create a coordinate right to litigate for others." Walker v. Brown, No. CV 112-105, 2012 WL 4049438, at *1 (S.D. Ga. Aug. 14, 2012) (citing Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that a *pro se* prisoner may not litigate the interests of other prisoners in class action)), *report and recommendation adopted by* 2012 WL 4052038 (S.D. Ga. Sept. 13, 2012). As Plaintiff cannot represent the interests of other prisoners, the Court should **DISMISS** any putative class action claims.

## V. Preliminary Injunctive Relief

To be entitled to a preliminary injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223,

1225–26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001).

Similarly, a plaintiff requesting a permanent injunction must satisfy the following four-factor test:

> (1) that [the plaintiff] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay, Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). Thus, "[t]he standard for a permanent injunction is essentially the same as for a preliminary injunction except that the plaintiff must show actual success on the merits instead of a likelihood of success." Siegel v. LePore, 234 F.3d 1163, 1213 (11th Cir. 2000) (Carnes, J., dissenting). In either case, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton, 272 at 1326.

If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation." Newman v. Alabama, 683 F.2d 1312, 1319 (11th Cir. 1982). Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration, unless there is a clear abuse of discretion. See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989). In such cases, "[d]eference to prison authorities

9

is especially appropriate." Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and less intrusive equitable remedy was available).

Plaintiff has not shown that he has satisfied the prerequisites in order to be entitled to preliminary injunctive relief. Specifically, at this early stage, Plaintiff has not shown the likelihood of success on the merits of his claims or that injunctive relief is necessary to prevent irreparable injury. This is not to say that Plaintiff will not eventually be able to obtain injunctive relief. Rather, the Court will not interfere at this time on the facts before it. Accordingly, the Court should **DISMISS** Plaintiff's requests for preliminary injunctive relief.

## VI. Leave to Appeal *in Forma Pauperis*

Should the Court adopt my recommendation that Plaintiff's access to courts, conspiracy, class action, and preliminary injunctive relief claims should be dismissed, the Court should also deny Plaintiff leave to appeal *in forma pauperis* as to the dismissed claims.[3] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal

---

[3] A certificate of appealability is not required in this Section 1983 action.

theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal as to any dismissed claims.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's access to the courts, conspiracy, class action, and preliminary injunctive relief claims against Defendants. Additionally, the Court should **DENY** Plaintiff leave to appeal *in forma pauperis* as to these claims.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed

findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

## **REMAINING CLAIMS AND DEFENDANTS**

As stated above, Plaintiff states a colorable equal protection claim against Defendants Hall, Stone, Walker, and Dozier. Consequently, a copy of Plaintiff's Complaint, (doc. 1), and a copy of this Order shall be served upon Defendants by the United States Marshal without prepayment of cost. The Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

## **INSTRUCTIONS TO DEFENDANTS**

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to defendants by first-class mail and request that defendants waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint

until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a). Defendants are further advised that the Court's standard 140-day discovery period will commence upon the filing of the last answer. Local R. 26.1. Defendants shall ensure that all discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

## **INSTRUCTIONS TO PLAINTIFF**

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

<u>Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.</u>

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. <u>See</u> <u>generally</u>, Fed. R. Civ. P. 26, *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local R. 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local R. 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. <u>See</u> Fed. R. Civ. P. 33. Interrogatories may be served only on a <u>party</u> to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not <u>named</u> as a defendant. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has

contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local R. 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which Defendants may initiate. Upon no less than five (5) days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendants' motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should Defendants' motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest Defendants' statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment may be entered

against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 3rd day of April, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA