# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| HARLEM MARTINEZ, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 5:17-cv-119 |
| | * | |
| v. | * | |
| | * | |
| WARDEN HILTON HALL; GREG | * | |
| DOZIER; ASSISTANT WARDEN RICK | * | |
| STONE; and LINDA WALKER, | * | |
| | * | |
| Defendants. | * | |

## ORDER

After an independent and *de novo* review of the entire record, the Court concurs with the Magistrate Judge's Report and Recommendation, dkt. no. 13, to which Plaintiff filed Objections, dkt. no. 15. While Plaintiff makes an admirable effort to cure the deficiencies of his original Complaint through his Objections, his effort fails. As an example, Plaintiff attempts to show his habeas corpus petition filings were unsuccessful due to Defendants' alleged policy of only having one Spanish-language book in the prison's library. <u>Id.</u> at pp. 2-3. However, Plaintiff notes the habeas court, in denying Plaintiff's petition, "mainly point[ed] out that Plaintiff failed to satisfy" his burden of proof as to his

ineffective assistance of counsel claims. Id. at p. 3. Plaintiff's assertions in this regard overlook the fact that an access to courts claim cannot be based on whether a litigant is ultimately successful in his pursuit of a non-frivolous claim; rather, an access to courts claim is based on whether a prison official's actions have "frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim." Dkt. No. 13, p. 6 (citing Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998)). Even if the prison library only has one Spanish-language book by policy, as Plaintiff contends, he fails to set forth any facts indicating that the lack of additional Spanish-language books prevented him from pursuing his habeas corpus petition. Indeed, from Plaintiff's own admissions, he was able to *pursue* his habeas petition. His lack of success on the relative merits is irrelevant to asserting a cognizable access to courts claim.[1]

Thus, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of the Court. The Court **DISMISSES** Plaintiff's access to courts, conspiracy, class action, and preliminary injunctive relief claims and **DENIES**

---

[1] The Court notes Plaintiff has filed an Amended Complaint, dkt. no. 32. While Plaintiff's Amended Complaint now serves as the operative pleading in this case, Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007), the contentions in Plaintiff's Amended Complaint offer nothing more than what he alleged in his original Complaint and Objections regarding the claims the Court now dismisses.

AO 72A
(Rev. 8/82)

Plaintiff *in forma pauperis* on appeal as to these claims. Plaintiff's equal protection claim against Defendants remains pending.

**SO ORDERED**, this 28 day of August, 2018.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)